```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
WANDA HAMMOND,

                    Plaintiff,
                                           MEMORANDUM AND ORDER
         - against -
                                              10 Civ. 93 (NRB)
BETH ISRAEL MEDICAL CENTER,

                    Defendant.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Wanda Hammond brings this action against defendant Beth Israel Medical Center, alleging wrongful termination on the basis of her race and gender. Presently before us is defendant's motion to dismiss the complaint for failure to comply with court orders and the rules governing discovery.

For the reasons stated herein, defendant's motion is granted in part and denied in part.

## BACKGROUND[1]

Plaintiff was provisionally employed as a counselor in the Stuyvesant Square Outpatient Department at Beth Israel Medical Center from April 27, 2009 to July 22, 2009, when she was discharged. After exhausting her claims with the Equal

---

[1] These facts are drawn from the Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint and exhibits thereto, plaintiff's opposing brief and exhibits thereto, the Reply Memorandum of Law in Support of Defendant's Motion to Dismiss the complaint and exhibits thereto, plaintiff's sur-reply and exhibits thereto, and the Court's internal records.

Employment Opportunity Commission, plaintiff commenced this lawsuit pro se on November 19, 2009, alleging that she was treated unfairly as a result of her race and gender, which ultimately culminated in her termination.

The Court held an initial pretrial conference on April 1, 2010. Plaintiff and defendant spent the next three months negotiating a settlement, but plaintiff would not agree to a key precondition of payment. The Court held a teleconference on July 9, 2010 to assist the parties with their discussions, but plaintiff nonetheless decided against settling the case. On July 13, 2010 the Court ordered the parties to proceed with discovery, setting an end-date of November 12, 2010 for the completion of all discovery.

Defendant served plaintiff with a set of document requests and interrogatories on August 25, 2010. Two weeks later, defendant granted plaintiff an extension of time to respond from September 29, 2010 to October 4, 2010, explaining that a longer extension was infeasible because of the November cut-off for discovery. Plaintiff then requested an extension from the Court, which gave plaintiff until October 25, 2010 "to produce the documents requested," in anticipation of the parties' participation in mediation proceedings. (Decl. of Rory J. McEvoy ("McEvoy Decl."), Ex. 6.) In the meantime, the Court stayed all other discovery.

Despite this extension, plaintiff failed to produce any documents by the October 25, 2010 deadline, and the Court held another teleconference with the parties on November 2, 2010 to discuss the issues with discovery. During that conference, the Court stayed all discovery pending the close of the mediation, but it instructed plaintiff to gather all documents responsive to defendant's requests and prepare responses to the interrogatories in the event a settlement could not be reached. The Court also took the opportunity to warn plaintiff that her future cooperation was an essential piece of her responsibility as a litigant.

By the end of December, the parties had gained no ground in settling, and the Court lifted the discovery stay. By letter dated December 29, 2010, the Court instructed plaintiff "to respond to defendant's document requests and interrogatories by January 19, 2011," and it set March 15, 2011 as "a firm cut-off for all discovery in this case." (<u>Id.</u>, Ex. 9.)

Plaintiff served her own interrogatories and document requests on defendant, as well as responses to defendant's discovery requests, on January 18, 2011. The responses were not organized in the manner specified by the discovery rules, and plaintiff did not respond to all of defendant's requests. Plaintiff also failed to verify her responses to defendant's interrogatories. Defendant requested that plaintiff, in order to

remedy these defects, provide the following by February 11, 2011: a list of documents produced and the document request thereby responded to, any additional documents in plaintiff's possession, and a signed verification page which defendant had drafted for plaintiff. Plaintiff never complied with any part of this request.

On January 27, 2011, defendant also sent plaintiff authorizations for the release of her medical records and requested that they be returned by February 9, 2011. Plaintiff responded on January 28, 2011 that she would not sign the forms because they had already been filled out by defendant to authorize the release of her entire medical record rather than just "information related to [plaintiff] being treated for employment discrimination." (Id., Ex. 12.) Defendant replied to plaintiff on January 31, 2011, indicating that plaintiff had placed her mental state at issue by seeking damages for psychological treatment and that defendant was therefore entitled to review plaintiff's entire medical record. Later that same day, plaintiff sent defendant two e-mails reiterating that she would "not be signing an authorization for [her] entire medical records." (Id., Exs. 14, 15.)

On February 8, 2011, defendant requested that the Court order plaintiff to sign and produce the medical authorizations. The Court issued an order the next day directing plaintiff to

4

"complete the requested HIPAA release forthwith and return it to defendant" within ten days and noting that failure to do so "will result in the dismissal of plaintiff's claim for monetary damages for alleged psychological injuries." (Id., Ex. 17.) Plaintiff still has not provided the ordered the authorization.

Cognizant of the March 15, 2011 discovery deadline, defendant wrote to plaintiff on February 11, 2011 and informed her that defendant's responses to her discovery requests would be provided on or before March 8, 2011. Defendant also sent plaintiff another letter that same day requesting to schedule plaintiff's deposition before the deadline. Plaintiff called defendant a week later and left a voicemail message in which she declared that she had "decided not to do any depositions with you on no dates. Just letting you know again I'm not doing any type of deposition. . . . So you call the Judge, tell him [sic] whatever you want. I don't care." (Id., Ex. 19.)

Plaintiff subsequently sent two letters to the Court, dated February 23, 2011 and March 1, 2011, complaining of defendant's failure to provide discovery. The Court responded on March 10, 2011, noting that plaintiff's compliance with the Federal Rules of Civil Procedure "is not contingent on whether the defendant complies or fails to comply with its own discovery obligations." (Reply Decl. of Rory J. McEvoy ("McEvoy Reply Decl."), Ex. 3 at 1.) The Court emphasized that "it is incumbent upon you to fully

5

participate and cooperate in the discovery process" and warned plaintiff that "[i]f you are not compliant with your discovery obligations, you cannot possibly prevail." (Id. at 1-2.) Despite this admonishment, plaintiff never appeared for a deposition.

On February 24, 2011, the Court granted defendant's request for leave to file the instant motion, which was filed on March 15, 2011, at the close of discovery.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 41(b) provides that an action may be dismissed "[i]f the plaintiff fails . . . to comply with these rules or a court order," and that, unless the court specifies otherwise, such a dismissal "operates as an adjudication on the merits."

Dismissal under Rule 41(b) is appropriate only after consideration of five factors:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard[,] and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc.,

6

839 F.2d 930, 932 (2d Cir. 1988)) (internal alterations omitted). As a general rule when assessing these factors, "no one factor is dispositive." Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994).

We must also bear in mind that "pro se plaintiffs should be granted special leniency regarding procedural matters," LeSane, 239 F.3d at 209, meaning that a pro se plaintiff's complaint may be dismissed under Rule 41(b) "only when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). That leniency, however, does not excuse pro se litigants from obeying court orders and procedural rules. See Cioce v. Cnty. of Westchester, 123 F. App'x 451, 453 (2d Cir. 2005) ("Pro se litigants are concededly required to learn about, and comply with, relevant procedural rules."); Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990) ("[A]ll litigants, including pro ses, have an obligation to comply with court orders." (internal quotation marks omitted)).

**II. Application of the Rule 41(b) Factors**

Defendant argues that plaintiff has failed to comply with this Court's orders or the Federal Rules of Civil Procedure in three separate ways. First, defendant contends that the disorganized and incomplete responses to its discovery requests that plaintiff submitted on January 18, 2011 constitute a failure to comply with the Court's December 29, 2010 letter

7

directing plaintiff to "respond to defendant's document requests and interrogatories by January 19, 2011." (McEvoy Decl., Ex. 9.)

Second, defendant references plaintiff's refusal to provide releases for her medical records in defiance of this Court's order. Defendant maintains that it is entitled to receive those records because plaintiff has placed her mental state at issue by seeking damages for receipt of psychological treatment. See, e.g., Manessis v. N.Y.C. Dep't of Transp., No. 02 Civ. 359, 2002 U.S. Dist. LEXIS 17884, at *4-5 (S.D.N.Y. Sept. 23, 2002). Yet plaintiff indicated to both defendant and the Court on multiple occasions that she had no intention of signing the requisite releases, and she did so even after the Court explicitly ordered her to provide them.

Third, defendant cites plaintiff's refusal to appear for the deposition defendant attempted to schedule before the March 15, 2011 close of discovery as a further basis for dismissing the complaint.

There can be little dispute that, taken together, plaintiff's consistent and deliberate refusals to participate in the litigation which she initiated warrant dismissing her complaint with prejudice. Over the course of the litigation, plaintiff has made no efforts whatsoever to remedy any of the deficiencies in her document production; provide the Court-ordered medical releases; or schedule a deposition in light of

8

the Court's March 10, 2011 letter reminding her of her obligation to participate fully in discovery. These refusals to cooperate in discovery have not been "silent and unobtrusive," LeSane, 239 F.3d at 210, but rather have been accompanied by numerous letters and phone calls, placing a significant drain on the Court's attention. Moreover, the sheer brazenness of plaintiff's willful disobedience of the Court's admonitions to participate fully in discovery suggests that no sanction short of dismissal could entice plaintiff's compliance.[2]

Were it not for the absence in the record of an explicit warning to plaintiff that the consequences of her recalcitrance would be dismissal, we would not hesitate to so sanction her for the totality of her behavior. Given the absence of that broad warning, however, we must assess the appropriate response to each of her failures separately.

Standing alone, plaintiff's responses to defendant's document requests and interrogatories, even though not fully complete and organized in accordance with Federal Rules of Civil Procedure 33(b)(1)(B) and 34(b)(2)(E)(i), do not appear to have

---

[2] Plaintiff's argument that she refused to cooperate in discovery because defendant did not respond to her own document requests does not alter our analysis. Plaintiff declined to remedy the deficiencies in her production and refused to be deposed well before defendant's requested discovery deadline, to which plaintiff did not object, had passed. More importantly, as this Court informed plaintiff in its March 10 letter, plaintiff's compliance with her discovery obligations "is not contingent on whether the defendant complies or fails to comply with its own discovery obligations." (McEvoy Reply Decl., Ex. 3 at 1.) Federal Rule of Civil Procedure 37 addresses a party's failure to make disclosures or cooperate in discovery, and that rule nowhere provides for the self-help exercised by plaintiff.

prejudiced defendant sufficiently to support a dismissal. Cf. Bentford v. City of New York, No. 09 Civ. 8032, 2011 U.S. Dist. LEXIS 92440 (S.D.N.Y. July 27, 2011) (dismissing case when plaintiff had failed to engage in any discovery whatsoever).

However, plaintiff's willful failures to sign medical authorizations or be deposed stand on a different footing and are obviously extremely prejudicial. Plaintiff's unrelenting defiance has prevented defendant from developing its defense, while the memories of key witnesses may have decayed and pertinent documents may have been destroyed or lost. Moreover, the Court specifically warned plaintiff that her failure to return signed medical authorizations would result in dismissal of her claims related to psychological injuries. Such claims are, therefore, dismissed with prejudice.

As noted earlier, however, the Court's other warnings to plaintiff did not reach the required level of specificity. Given their unfamiliarity with the terrain of legal proceedings, pro se parties must be explicitly warned before they may be subject to sanctions. See Lucas, 84 F.3d at 535 ("A warning to a pro litigant must be . . . specific before it will constitute a warning for the purpose of this analysis."). While we did make clear to plaintiff her obligation to cooperate in the discovery proceedings, we either did not note the consequences of a

10

failure to do so or mentioned them only obliquely.[3] The Court's warning to plaintiff in its March 10 letter -- "If you are not compliant with your discovery obligations, you cannot possibly prevail" (McEvoy Reply Decl., Ex. 3 at 2) -- and its prior verbal warning simply did not foreshadow the possibility of dismissal with sufficient clarity.[4] Cf. Lucas, 84 F.3d at 535 (noting that "the district court never warned [plaintiff] that failure to comply would result in dismissal"); Dozier v. Quest Diagnostics Inc., No. 09 Civ. 9941, 2010 U.S. Dist. LEXIS 137562, at *3 (S.D.N.Y. Dec. 8, 2010) (emphasizing the importance of "explicitly informing the plaintiff that her complaint would be dismissed if she did not take the steps required by [the court's] earlier order").

---

[3] Defendant asserts that the Court gave plaintiff verbal warnings about the necessity of cooperating in discovery and specifically referenced the possibility of dismissal on three separate occasions prior to plaintiff providing her responses to defendant's discovery requests: at the April 1, 2010 initial pretrial conference and during the July 9, 2010 and November 2, 2010 telephone conferences. Plaintiff denies any such warnings were given. Our internal file does not confirm that we made absolutely clear to plaintiff that her failure to fulfill her obligations would result in the dismissal of her case, although we did make it positively clear that she needed to participate in the discovery process.

[4] Defendant also moves for dismissal under Federal Rule of Civil Procedure 37(b)(2), which provides that a party's failure "to obey an order to provide or permit discovery" may justify a court in "dismissing the action or proceeding in whole or in part." The factors to be considered under Rule 37(b)(2) differ slightly from those under Rule 41(b), but they still include consideration of the warnings provided about the consequences of noncompliance. See Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302-03 (2d Cir. 2009). Given the insufficiency of the Court's warnings about the consequences of plaintiff's failure to cooperate in discovery, cf. SEC v. Setteducate, 419 F. App'x 23, 24 (2d Cir. 2011) ("While pro se litigants have no right to ignore or violate court orders, they must nonetheless be made aware of the possible consequences of their actions."), our conclusion is no different under Rule 37(b)(2).

Plaintiff should now consider herself warned: if she does not reach out to defendant and arrange a time and place[5] for her deposition, in which she cooperates fully, within thirty days of this order, her complaint will be dismissed with prejudice in its entirety. Likewise, if she does not remedy the defects in her response to defendant's document requests and interrogatories within thirty days of this order, she will face appropriate sanctions.[6] Assuming that plaintiff decides to fully cooperate and the case continues, plaintiff is placed on notice that any lack of cooperation in the future will likewise be the subject of sanctions, including the possibility of dismissal. There should be no doubt about the clarity of this warning: defendant's motion and this opinion are as clear a warning as plaintiff could possibly need about the consequences of any further shortcomings.

---

[5] Plaintiff asserts in her sur-reply, ostensibly for the first time, that one reason she was unwilling to provide a deposition was dissatisfaction with defendant counsel's offices. She has suggested that the courthouse would be an acceptable venue; the Court will provide space for the deposition should plaintiff still require it.

[6] Defendant has not been excused from its own discovery obligations by plaintiff's discovery failures or this motion. Should plaintiff timely appear for her deposition, defendant must produce its discovery within seven days thereof.

CONCLUSION

For the foregoing reasons, the motion (docket no. 22) is granted in part and denied in part.

Dated:      New York, New York
            November 29, 2011

                                        _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE


Copies of the foregoing Order have been mailed on this date to the following:

**Plaintiff**
Wanda Hammond
P.O. Box 917
New York, NY 10163

**Attorneys for Defendant**
Rory J. McEvoy
Julie L. Sauer
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, NY 10022